UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21409-CV-MARTINEZ
CASE NO. 04-20482-CR-MARTINEZ
MAGISTRATE JUDGE REID

GERALDO GOMEZ,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE FOLLOWING REMAND
FROM THE ELEVETH CIRCUIT COURT OF APPEALS
RE SUCCESSIVE MOTION TO VACATE - 28 U.S.C. § 2255(h)**

**I. Introduction**

This matter is currently on remand from the Eleventh Circuit Court of Appeals following Movant's appeal of the denial of his authorized successive motion to vacate, pursuant to 28 U.S.C. § 2255(h), which was filed based on *Johnson v. United States*,[1] 576 U.S. 591 (2015). *See Gomez v. United States,* 743 F. App'x 344 (11th Cir. 2018); [ECF No. 22]. The Eleventh Circuit found that a remand was appropriate because "the parties had no occasion to address the requirements established by *Beeman*,[2]" decided after the district court ruled on Movant's § 2255 motion. *See*

---

[1] In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), violated the Constitution's guarantee of due process." *Johnson v. United States*, 576 U.S. at 606. *Johnson* "narrowed the class of people who are eligible for" an increased sentence under the ACCA. *In re Rivero,* 797 F.3d 986 (11th Cir. 2015) (citation omitted). Accordingly, *Johnson* was made retroactively applicable to cases on collateral review. *See Welch v. United States,* 578 U.S. ___, 136 S. Ct. 1257 (2016); *see also Mays v. United States,* 817 F.3d 728 (11th Cir. 2016).

[2] *Beeman v. United States,* 871 F.3d 1215, 1221-1222 (11th Cir. 2017). In *Beeman,* the Eleventh Circuit held that, to prove a *Johnson*-based claim, a movant must demonstrate that, "it is 'more likely than not' that 'it was use of the residual clause that led to the sentencing court's enhancement.'" *Id.* at 1341-42.

- 1 -

Proceeding.

*Gomez,* 743 F. App'x at 347; [*Id.*].

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B); (C); S.D. Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts. For the reasons discussed below, this § 2255 motion should be dismissed.

## II. Claim Raised

Movant raises a single claim that his enhanced sentence as an armed career criminal is unlawful and void for vagueness in light of *Johnson*. [ECF No. 1, p. 4].

## III. Relevant Procedural History

### A. Criminal Case

To briefly summarize, Movant was charged with and convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1) and § 924(e), following a jury verdict. [CR ECF Nos. 7, 45]. Under the ACCA, Movant faced a fifteen-year minimum mandatory term of imprisonment and up to a maximum term of life imprisonment. *See* 18 U.S.C. §§ 924(g)(1) and 924(e). Based on his status as an armed career criminal, Movant was sentenced to a total term of 235 months of imprisonment, to be followed by a total term of three years of supervised release. [CR ECF Nos. 58, 69].

Movant appealed, raising a single challenge to the sufficiency of the evidence establishing that he knowingly possessed a firearm. *See United States v. Gomez,* 160 F. App'x 898, 899 (11th Cir. 2005) (*per curiam*); [CR ECF No. 77]. The Eleventh Circuit affirmed the judgment of conviction in a written, but unpublished opinion. *See id.* at 899; [*Id.*].

### B. First § 2255 Motion to Vacate

Movant then returned to the district court, filing his first motion to vacate, pursuant to 28

U.S.C. § 2255, raising four claims challenging counsel's effectiveness throughout the criminal proceedings. *See Gomez v. United States,* No. 06-22996-CV-Martinez (U.S. Dist. Ct., S. D. of Fla. Dec. 6, 2006) at [CV ECF No. 1]; [CR ECF No. 78]. The motion was denied on the merits. *See Id.* at [CV ECF Nos. 9, 10]; [CR ECF No. 79]. No appeal was prosecuted.

### C. Second § 2255 Motion to Vacate

After *Johnson* was decided, the Eleventh Circuit Court of Appeals granted Movant leave to file a second, successive motion to vacate, challenging his enhanced sentence as an armed career criminal, an order was entered appointing counsel, pursuant to 18 U.S.C. § 3006A, and a briefing schedule for the parties to address the applicability of *Johnson* was entered. [ECF No. 6]. After briefing was received, the Court first noted that there were conflicting legal standards regarding Movant's burden of proof. [ECF No. 14 at 6-13]. Then, a Report and Recommendation was issued recommending that Movant's *Johnson* claim be denied on the merits because Movant's prior convictions for Florida attempted first-degree murder, aggravated assault, and arson qualified as ACCA predicate offenses. [*Id.* at 17-25]. After considering Movant's objections, the District Judge affirmed and adopted the Report and Recommendation, denying the Motion. [ECF No. 16].

The Eleventh Circuit Court of Appeals granted a certificate of appealability ("COA") to determine whether Movant's "Florida convictions for attempted first-degree murder and arson still qualified as ACCA predicates post-*Johnson*." *See Gomez,* 743 F. App'x at 346; [ECF No. 22]. The Eleventh Circuit remanded, finding the record was not fully developed on whether Movant had the requisite qualifying predicate offenses to support his ACCA-enhanced sentence. *See id.* at 347; [*Id.*]. The Eleventh Circuit found remand was appropriate as "the parties had no occasion to address the requirement established by *Beeman*." *Id.*

On remand, the Eleventh Circuit instructed the Court to consider whether Movant "can

- 3 -

show, as a historical fact, it was more likely than not he was sentenced under the residual clause." *Id.* The Eleventh Circuit directed that the Court's inquiry "can include, among other things, a review of the record at Gomez's sentencing, as well as consideration of how courts viewed the statutes under which Gomez had previously been convicted, and how courts interpreted other similar statutes at the time he received the ACCA sentence." *Id.*

## IV. Applicable Legal Standards

### A. General Standard of Review

Although the Eleventh Circuit Court of Appeals made a *prima facie* showing that Movant met the criteria to file a successive § 2255 motion, the district court must review the record *de novo* to determine, in the first instance, whether Movant meets the statutory criteria for relief under 28 U.S.C. § 2255(h).[3] *See Jordan v. Sec'y, Dep't of Corr.,* 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that granting an application to file a successive post-conviction motion is simply a threshold determination). Thus, the Court must determine whether the § 2255(h) requirements have been met. *See id.* at 1357. Only if the Court concludes that Movant has established the statutory requirements for filing a second or successive motion will it "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *In re Moss,* 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting *Jordan,* 485 F.3d at 1358). Here, Movant has alleged that his claim replies upon the Supreme Court's decision in *Johnson*, which contains a new and retroactive rule of constitutional law that was previously unavailable and is applicable on collateral review. *See Mays*, 817 F.3d at 733-37.

---

[3] In 28 U.S.C. § 2255(h), Congress restricted post-conviction challenges to only two types of claims: (1) those based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) those based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(1)-(2).

Next, because *Beeman* was decided after the district court ruled on Movant's § 2255 Motion, the Eleventh Circuit Court of Appeals remanded to allow the Court to consider whether the Movant can show, as a "historical fact," that his sentence "was more likely than not based on the residual clause." *Gomez,* 743 F. App'x at 347, [ECF No. 22]. Movant bears the burden of proving his *Johnson* claim. *See Beeman,* 871 F.3d at 1221-22.

For Movant to successfully challenge his ACCA sentence based on *Johnson*, he must prove the following: "(1) that 'the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause,' and (2) that 'there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.'" *See Tribue v. United States,* 929 F.3d 1326, 1331 (11th Cir. 2019) (quoting *Beeman,* 871 F.3d at 1221)).

Regarding the first *Beeman* element, Movant must show it was "more likely than not" that the residual clause "led to the sentencing court's enhancement of his sentence." *See id.* (quoting *Beeman,* 871 F.3d at 1222)). Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. *Beeman,* 871 F.3d at 1224 n.5. Movant can prove the sentencing court relied on the residual clause by pointing to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to the application of the ACCA in that case." *Beeman,* 871 F.3d at 1224 n.4.

Where the record is unclear and "if it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *See Tribue,* 929 F.3d at 1331 (quoting *Beeman,* 871 F.3d at 1222).

Finally, even where there is no direct evidence, as is the case here, there may "sometimes be sufficient circumstantial evidence to show the specific basis of the enhancements," such as statements in the Presentence Investigation Report ("PSI") or concessions by the prosecutor that the elements clause and enumerated offense clause were inapplicable. *Id.* Also, if "the law was clear at the time of sentencing that *only* the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *See Beeman,* 871 F.3d at 1224 n.5 (emphasis added). If, however, "'the evidence does not clearly explain what happened . . . the party with the burden loses.'" *Id.* at 1225 (quoting *Romine v. Head,* 253 F.3d 1349, 1357 (11th Cir. 2001)).

### B. The ACCA

Federal law prohibits convicted felons from shipping, possessing, or receiving firearms in or affecting interstate commerce. *See* 18 U.S.C. § 922(g)(1). Generally, an individual convicted of violating § 922(g)(1) faces a statutory maximum sentence of ten years of imprisonment. *See* 18 U.S.C. § 924(a). The ACCA, however, imposes a higher mandatory minimum term of imprisonment for certain offenders.

Under the ACCA, 18 U.S.C. § 924(e), a person who violates § 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years of imprisonment. *See* 18 U.S.C. § 924(e)(1). When Movant was sentenced in 2005, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element of the use, attempted use, or threatened use of physical force against another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The first prong of the statute is referred to as "the elements clause," while the second prong is the "enumerated crimes," and, the now-void residual clause, as discussed above. *See In Re Sams,* 830 F.3d 1234, 1236-37 (11th Cir. 2016).

## V. Discussion

Respondent argues that Movant is not entitled to relief under *Johnson* and *Beeman* because he cannot demonstrate, as a historical fact, that the sentencing court relied upon the now-void residual clause in finding that Movant's prior Florida convictions for attempted first-degree murder and arson were violent felonies and thus qualifying predicates to support the ACCA enhancement. [ECF No. 26 at 3-4]. Respondent further argues that the "legal landscape" at the time of Movant's sentencing in 2005 did not provide any basis to conclude that the Court would have relied upon the residual clause to determine Movant's prior convictions were violent felonies under the ACCA. [*Id.* at 4-6].

### A. Waiver Argument

As an initial matter, Movant argues that the Government has "waived" any reliance on *Beeman*. [ECF No. 25 at 2]. Because the Government did not argue during the initial proceedings that Movant had failed to meet his burden of proof, Movant suggests that the Government cannot not rely on *Beeman's* burden of proof. [*Id.* at 3]. Also, Movant maintains that he has met his burden of demonstrating that it was "more likely than not," that he was sentenced under the ACCA's residual clause, therefore, allowing this Court to reach the merits of the claim and *Beeman's* second element. [*Id.* at 7].

The Undersigned is not persuaded by Movant's waiver argument. At Movant's original sentencing, he did not object to his ACCA enhancement, nor did he lodge any challenge to his prior criminal history record listed in the PSI. Further, the Eleventh Circuit has made clear that

where the Movant does not object at sentencing to the ACCA predicates, on remand, "a 'just mandate'" allows the appellate court "the lawful power to fashion an appropriate form of relief on remand, including permitting the presentation of further evidence" by both parties. *Tribue,* 929 F.3d at 1332 (quoting *United States v. Martinez,* 606 F.3d 1303, 1306 (11th Cir. 2010)).

As applied, the Eleventh Circuit remanded, finding that neither party had occasion to address the *Beeman* requirements, a new legal test adopted by the Eleventh Circuit regarding the burden of proof relating to *Johnson* claims. *See Gomez,* 743 F. App'x at 347. On remand, Movant, not the Government, was required to show, as a historical fact, that the residual clause was used to impose his ACCA enhancement. *See id.* Thus, the Movant's waiver argument fails. *See e.g., Tribue,* 929 F.3d at 1333 (citing *Martinez,* 606 F.3d at 1306).

### B. Threshold § 2255(h) Requirement

Next, it must be determined whether Movant has met the threshold requirements for filing a successive § 2255(h) motion. It is uncontroverted that Movant's claim for relief is predicated on the Supreme Court's decision in *Johnson*. The Supreme Court of the United States made *Johnson* retroactively applicable to cases on collateral review. *See Welch,* 578 U.S. at ___, 136 S. Ct. at 1265; *see also Mays*, 817 F.3d at 733-37. Pursuant to § 2255(h)(2), Movant raises a claim based on a new rule of constitutional law, made retroactively applicable by the United States Supreme Court to cases on collateral review. *See id.* Therefore, he has satisfied the § 2255(h)(2) requirements. *See Randolph,* 904 F.3d at 964. Thus, Movant is entitled to file this second or successive § 2255 Motion challenging his sentence under *Johnson*.

### C. Analysis of Merits Under *Beeman*

1. <u>Whether Sentencing Court Relied Solely on Residual Clause</u>

Although Movant has made the threshold statutory showing for filing this § 2255 Motion, pursuant to the Eleventh Circuit's remand instructions, Movant bears the burden of proving, in accordance with *Beeman,* that he is entitled to *Johnson* relief. Movant must establish that the sentencing court relied solely on the residual clause, and not on the enumerated or elements clauses. *See Tribue,* 929 F.3d at 1331 (citing *Beeman,* 871 F.3d at 1221). As discussed below, Movant cannot make such a showing. Thus, he is not entitled to relief.

The record reveals Movant did not object to his ACCA enhancement prior to or at sentencing. Also, the PSI increased Movant's base offense level from an adjusted offense level 28 to a level 33, determining that Movant was an armed career criminal under the provisions of 18 U.S.C. § 924(e), citing United States Sentencing Guidelines Manual § 4B1.4(b)(3)(B) (U.S. Comm'n 2004). [PSI ¶¶ 17-18]. The PSI did not identify or otherwise explain which predicate offenses were relied upon to support the ACCA enhancement. [*Id.*].

At the April 25, 2005 sentencing hearing, the Court acknowledged review of the PSI, and noted that Movant's "record is awful," having four or five prior convictions before the age of eighteen. [ECF No. 9-1 at 6]. The Court did not, however, explain or give any indication which prior felony convictions it was relying upon to support Movant's ACCA enhancement. [*Id.* at 14-16]. The sentencing court also made no mention whether any of the prior convictions enumerated in the criminal history portion of the PSI qualified as violent felonies under ACCA's enumerated or residual clause. [*Id.*].

Because nothing in the record shows what prior convictions were used to support the ACCA enhancement, much less whether the sentencing court relied on the residual clause, instead

of the enumerated or elements clauses, Movant has not proven that it was "more likely than not" that his sentence was solely enhanced under the ACCA's residual clause. Where, as here, the evidence does not clearly explain what happened. . . the party with the burden loses." *Beeman,* 871 F.3d at 1225 (quoting *Romine*, 253 F.3d at 1357).

2. <u>Whether Movant's Prior Convictions Qualify as ACCA Predicate Offenses</u>

Further, it bears mentioning that there is reason to believe the sentence court could have relied on the elements or enumerated offenses clause to find Movant's prior convictions qualified as violent felonies for ACCA purposes. Therefore, Movant cannot demonstrate he is entitled to habeas relief.

a. *Florida Attempted First Degree Murder*

Movant argues that his prior Florida conviction for attempted first-degree murder is not a crime of violence for ACCA purposes post-*Johnson.* [ECF No. 25 at 6-7]. Because the offense can be committed without the use of direct physical force, for example, by poisoning an individual, Movant suggests that application of the residual clause would have been necessary to find that the offense constituted a crime of violence under the ACCA. [*Id.* at 7]. Respondent disagrees, arguing that the offense qualifies as a violent felony under ACCA's residual and element clauses. [ECF No. 26 at 4-5].

The PSI shows Movant pleaded guilty and was convicted in Florida for attempted first degree murder based on him and his codefendant firing numerous shots at the occupants of a vehicle, and then fleeing the scene. [PSI ¶ 29]. Movant did not object to the underlying facts presented in the PSI. Therefore, those facts are deemed admitted. *See Wade,* 458 F.3d at 1277.

Movant also did not object at sentencing that this prior conviction qualified as a violent felony for ACCA purposes. Now, Movant argues that attempted first degree murder is not a violent

felony because it can be committed without the use, attempted use, or threatened use of force, if, for example, the defendant poisons the victim. [ECF No. 25 at 6-7].

Post-*Johnson,* the Eleventh Circuit has rejected the identical argument made by Movant here, disagreeing with the defendant that attempted murder by poisoning "'does not involve the use of violent force,'" reiterating that its prior precedents "make clear that even poisoning is a violent felony under the elements clause." *See Hylor v. United States,* 896 F.3d 1219, 1222-23 (11th Cir. 2018) (quoting *United States v. Deshazior,* 882 F.3d 1352, 1357-58 (11th Cir. 2018)). The Eleventh Circuit noted that "poisoning someone is a physical, as opposed to an 'intellectual' or 'emotional,' use of force because it involves force 'exerted by and through concrete bodies.'" *Id.* at 1223 (quoting *Curtis Johnson v. United States,* 559 U.S. 133, 138 (2010)).

Even so, when Petitioner was convicted in 1991, under Florida law, murder was defined as "(1)(a) The unlawful killing of a human being . . . when perpetrated from a premeditated design to affect the death of a person killed or any human being . . ." Fla. Stat. § 782.04(1)(a)1. (1991). In Florida, a person commits criminal "attempt" by "attempt[ing] to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1) (1991).

Florida courts have made clear that the "act" solidifying the attempt must go beyond mere preparation and "requires proof of an act which could have resulted in death." *See Schirmer v. Fla.*, 837 So. 2d 587, 589 (Fla. 5th DCA 2003); *see also Groneau v. Fla.,* 201 So. 2d 599, 603 (Fla. 4th DCA 1967) (finding "there must be some appreciable fragment of the crime committed and it must be in such progress that it would be consummated unless interrupted by circumstances independent of the will of the attempter.").

The elements of Florida attempted first-degree murder required the prosecution to prove that the defendant both intended to kill the victim and took an action that would have resulted in death if not for outside forces. At the very least, these elements require that the defendant attempted to use physical force against the person of another, fulfilling the requirements of the ACCA's elements clause. Thus, not only does binding Eleventh Circuit precedent foreclose Movant's argument, but there is reason to believe the sentencing court relied on the elements clause and not the residual clause in finding attempted first-degree murder is a violent felony for ACCA purposes. Therefore, Movant has not met his burden under either prong of *Beeman* as to this offense.

b. *Florida Arson*

Movant next argues that his 1993 Florida arson conviction is not a crime of violence under the ACCA. [ECF No. 25 at 4]. While arson is an enumerated predicate offense which specifically qualified him for application of the ACCA, Movant maintains that the legal landscape in 2005 reflects that it "was more likely than not" that his prior *Florida* first-degree arson conviction qualified as an ACCA predicate under the residual and not the enumerated offenses clause. [*Id.* at 4-5]. Movant argues that *Florida* arson is broader than the generic definition of arson because it "sweeps in a greater number of objects." [*Id.* at 5].

Respondent disagrees, recognizing that the Eleventh Circuit had not yet decided whether Florida first-degree arson is a violent felony under the ACCA. [ECF No. 26 at 5]. Respondent further argues, however, that Florida's arson statute is similar to the Vermont arson statute. [*Id.*]. The government relies upon the Second Circuit's opinion in *United States v. Hathaway,* 949 F.2d 609, 610-11 (2nd Cir. 1991) which determined that Vermont's arson statute substantially corresponded to the ACCA's generic arson because it requires "a wil[l]ful and malicious burning of personal property." [*Id.*]. Respondent maintains that Movant's reliance on the Eleventh Circuit's

decision in *United States v. Rainey*, 362 F.3d 733, 736 (11th Cir. 2004) is inapplicable here because the use of the ACCA's residual clause was necessary to determine whether an attempt to commit arson was a violent felony, which differs from completed arson, which falls under the enumerated clause.

The PSI reveals that in 1992, while confined at the Metro-West Detention Center, Movant ignited toilet paper, a sheet, and pillow stuffing with a paper match, starting a fire which grew to a height of two feet before it was extinguished. [PSI ¶ 30]. Movant pleaded no contest to first-degree arson and was sentenced in Miami-Dade County Circuit Court, Case No. 92-023675, to a term of fifteen years of imprisonment. [*Id.*; ECF No. 9-2, pp. 37-47]. Movant did not object to the underlying facts presented in the PSI. Therefore, those facts are deemed admitted. *See Wade,* 458 F.3d at 1277.

When Movant was convicted in 1992, Florida law at the time provided that an individual commits arson in the first-degree if he "willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged . . . (b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers. . ." Fla. Stat. § 806.01(1)(b) (1991). "Structure" means "any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft." Fla. Stat. § 801.01(3) (1991).

The Supreme Court of the United States has described arson as potentially involving "purposeful, violent and aggressive conduct." *See Chambers v. United States,* 555 U.S. 122, 128 (2009). In fact, the Supreme Court of the United States made clear that Congress intended to include arson as a "violent felony," because it "so often presented a risk of injury to persons, or were so often committed by career criminals. . . even though, considered solely in terms of their

statutory elements. . . they do not necessarily involve the use or threat of force against a person." *See Taylor v. United States,* 495 U.S. 575, 589 (1990).

Most federal circuits have concluded that the modern generic definition of arson is "the intentional or malicious burning of any property." *See Hathaway,* 949 F.2d at 610; *see also United States v. Craig,* 236 F. App'x 863, 865 (4th Cir. 2007) (*per curiam*); *United States v. Velez-Alderete,* 569 F.3d 541, 546 (5th Cir. 2009) (*per curiam*); *United States v. Gatson,* 776 F.3d 405, 410 (6th Cir. 2015); *United States v. Misleveck,* 735 F.3d 983, 988 (7th Cir. 2013); *United States v. Whaley,* 552 F.3d 904, 907 (8th Cir. 2009); *United States v. Delgado-Montoya,* 663 F. App'x 719, 724 (10th Cir. 2016).

Thus, the issue is whether Movant's Florida arson conviction fits within the "generic definition" of arson. *See Taylor,* 495 U.S. at 590-92. If Florida's definition of arson is similar to the generic definition of arson, then Movant's prior conviction will constitute a qualifying predicate ACCA offense. *See Hathaway,* 949 F.2d at 610 (citing *Taylor,* 495 U.S. at 582). In *Hathaway,* the Second Circuit compared the elements of Vermont's arson statute to the federal generic definition of arson and found the state statute corresponded to the federal generic definition because it required a willful and malicious burning of personal property. *See id.* at 610-11.

Movant suggests that because the Eleventh Circuit has determined that attempted arson constituted a violent felony using the residual clause, then a completed arson offense necessarily requires use of the residual clause as well. [ECF No. 25 at 5-6]. However, it appears that Florida's arson statute does fit within the generic modern definition of arson. Thus, Movant's prior Florida arson conviction should qualify as a predicate ACCA offense.

Here, as in *Edwards v. United States*, 733 F. App'x 526, 527 (11th Cir. 2018), the movant has not carried his burden of proving that he was sentenced under the ACCA's residual clause

because "nothing in the record shows that the sentencing court relied on the residual clause in concluding that his Florida arson conviction qualified as an ACCA predicate and [the movant] has cited no precedent from the time of sentencing showing that Florida arson qualified only under the residual clause."

Even if it did not fit within the generic definition of arson, Movant cannot meet his burden to show the historical fact that his sentence was solely imposed under the ACCA's residual clause, which is also required to obtain relief. *See Beeman,* 871 F.3d at 1221. As noted previously, the record is silent as to which prior convictions were used to support the Movant's ACCA enhancement. Nothing in the PSI or sentencing transcript sheds light on the issue. There is no reference to suggest the Court in fact relied on the residual clause in imposing the ACCA enhancement.

Alternatively, even if, as Movant suggests, that at the time of his sentencing no case law specifically held that a conviction for first-degree arson in Florida "qualified as a violent felony only under the residual clause," he would still not be entitled to relief. *See id.*; *cf. Rainey,* 362 F.3d at 735-36 (holding that attempted arson in Florida was a predicate felony under the ACCA's residual clause, while noting that the substantive offense of federal arson was an enumerated felony). Arson is an enumerated offense under the ACCA. The silence of the record leaves no basis to conclude that the residual clause alone was used to qualify Movant's 1993 arson as a violent felony. *See Beeman,* 871 F.3d at 1222. Thus, Movant, who bears the burden of proof, loses. *See id.* at 1225.

### c. *Florida Aggravated Assault*

Neither party has objected to the determination that Movant's prior 1991 Florida aggravated assault on a law enforcement officer conviction was a qualifying ACCA predicate at

the time of Movant's sentencing in 2005. The Eleventh Circuit did not remand for a *Beeman* determination as to this offense. In any event, this conviction was properly used as an ACCA qualifying predicate offense.

The PSI reveals that in 1993, he pleaded guilty to the offense, a violation of Fla. Stat. § 784.021, and was sentenced to a term of five years of imprisonment. [PSI ¶ 26; ECF No. 9-2 at 31-36]. The PSI reveals that Movant was loitering at a location with a group of known gang members when he was issued a trespass warning. [PSI ¶ 26]. The Movant threw two bottles at the police and then fled the scene. [*Id.*]. At sentencing, Movant did not object to the findings in the PSI. Neither the PSI nor the sentencing court indicated which prior convictions were used to support the ACCA enhancement.

In Florida, "[a]n 'aggravated assault' is an assault: (a) With a deadly weapon without intent to kill; or (b) With an intent to commit a felony." Fla. Stat. § 784.021. The Eleventh Circuit has made clear that a Florida conviction for aggravated assault under § 784.021 is categorically a violent felony under the ACCA's elements clause. *See In re Hires,* 825 F.3d 1297, 1301 (11th Cir. 2016); *see also Turner v. Warden Coleman FCI (Med.)*, 709 F.3d 1328, 1337-38 and n.6 (11th Cir. 2013), *abrogated on other grounds by Johnson*; *United States v. Golden,* 854 F.3d 1256, 1257 (11th Cir. 2017) ("*Turner* is binding," and "even if *Turner* is flawed, that does not give us, as a later panel, the authority to disregard it"). Thus, Movant cannot demonstrate that it was more likely than not that the Court relied upon the residual clause when determining that this prior predicate offense constituted a violent felony under the ACCA. Movant has not shown he is entitled to relief.

3. Conclusion

For the above reasons, Movant has not demonstrated that, post-*Johnson*, he does not have the requisite three prior convictions to support the ACCA enhancement. Also, he has not carried

his burden of proof to show that his ACCA enhancement was based solely on the residual clause. Therefore, this Motion should be denied, since he cannot demonstrate he is entitled to relief.

## VI. Cautionary Instruction Re *Clisby* Rule

The Court is mindful of the *Clisby* rule that requires district courts to address and resolve all claims raised in habeas corpus proceedings, regardless of whether relief is granted or denied. *See Clisby v. Jones*, 960 F.2d at 936; *see also Rhode v. United States,* 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby* applies to § 2255 proceedings). However, nothing in *Clisby* requires, much less suggests, consideration of claims or arguments raised for the first time in objections. Therefore, if Movant attempts to raise arguments or further factual support for statutory or equitable tolling in objections, the court should exercise its broad discretion and refuse to consider the arguments not raised before the magistrate judge in the first instance. *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) (*citing Stephens v. Tolbert,* 471 F.3d 1173, 1175-76 (11th Cir. 2006) (finding no abuse of discretion by the district court in declining to consider timeliness argument that was not presented to the magistrate judge)).

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong. *See Slack,* 529 U.S. at 473. However, when the district court has rejected a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should grant a certificate of appealability regarding the issue of whether reasonable jurists would find it debatable whether the prior convictions constitute crimes of violence under the ACCA.

## VIII. Recommendations

Based on the foregoing, it is recommended that:

1. the Motion to Vacate be DENEID on the merits;

2. final judgment be entered in favor of Respondent;

3. no certificate of appealability issue; and,

4. the case closed.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed this 17th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Sara Kane**
Federal Public Defender
150 West Flagler Street, Suite 1700
Miami, FL 33130
Email: sara_kane@fd.org

**Noticing 2255 US Attorney**
Email: usafls-2255@usdoj.gov