UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  16-21409-CIV-MARTINEZ-REID
(Criminal Case Number: 04-20482-CR-MARTINEZ)

GERALDO GOMEZ,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is on remand from the Eleventh Circuit Court of Appeals following Movant's appeal of the denial of his successive motion to vacate, pursuant to 28 U.S.C. § 2255 ("Successive Motion"). (*See* ECF No. 22).[1]  The matter was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on the Successive Motion. Magistrate Judge Reid filed a Report and Recommendation ("R&R") recommending that (1) the Successive Motion be denied on the merits; (2) final judgment be entered in Respondent's favor; (3) no certificate of appealability issue; and (4) this case be closed. (ECF Nos. 28, 29).[2]

---

[1] The Court notes that, while the Successive Motion was pending, Movant appears to have been released from prison. (*See* ECF No. 30 n.1 (noting that Movant's release date was scheduled for June 24, 2021 as of the date the Objections were filed).  Notwithstanding, the Court retains jurisdiction over this Successive Motion because if he was released, Movant should be serving his three-year term of supervised release. *See McDaniel v. United States*, 491 Fed. App'x 105, 107 n.1 (11th Cir. 2012) (citing *Dawson v. Scott*, 50 F.3d 884, 885–86 & n. 2 (11th Cir.1995)); *Clecker v. United States*, 410 Fed. App'x 279, 283 (11th Cir. 2011) ("This Court has noted that a former prisoner's challenge to his sentence is not moot while he is on supervised release.").

[2] Judge Reid first issued a report and recommendation inadvertently recommending that a certificate of appealability issue, (ECF No. 28), and later amended her report and recommendation to reflect the correct recommendation, (ECF No. 29).

Movant timely filed his objections to the R&R ("Objections"). (ECF No. 30). The Court has conducted a *de novo* review of the entire record and the issues presented by Movant's objections, and finds that the R&R is **AFFIRMED and ADOPTED** in its entirety.

Movant raises various objections to Judge Reid's R&R. One important point requires clarification before addressing the merits of Movant's objections. Movant misconstrues the standard that he must meet under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). He argues that "has met his burden under *Beeman* to establish that the sentencing court *likely* relied solely on the residual clause in finding that his 1983 Florida arson conviction qualified as an ACCA 'violent crime.'" (Objections, at 1, 3 (emphasis added)). *Beeman* requires that the movant prove that the sentencing court did in fact rely solely on the residual clause, and not that it "likely" relied solely on it. *Beeman*, 871 F.3d at 1221. This distinction is important because the burden placed on Movant is higher than the one he purports to have met here.

With that in mind, the Court next addresses the merits of the Objections. Movant argues that *Taylor v. United States*, 495 U.S. 575 (1990) applies to this case and should guide the determination of whether Movant's arson conviction qualifies as a "generic" offense. (Objections, at 3). This is exactly what Judge Reid does in her R&R. (R&R, at 14). Yet, Movant argues that after applying *Taylor* the result should be different, namely, that the Court should find that Florida arson does not comport to the generic definition of arson. (*See* Objections, at 6).

Movant argues that upon a plain reading of the Florida statute, it is apparent that Florida arson does not fit into the general definition of arson. (Objections, at 5). Judge Reid found, and Movant does not contest, that most courts define generic arson as "the intentional or malicious burning of any property." (R&R, at 14). In 1992, when Movant was convicted, Florida law provided that an individual committed arson if he "willfully and unlawfully, or while in the

commission of any felony, by fire or explosion, damages or causes to be damaged . . . (b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers. . ." Fla. Stat. § 806.01(1)(b) (1991). Movant avers that the definition of arson under Florida law is broader than generic arson because it includes the phrase "*or while in the commission of any felony*[.]" (Objections, at 6). As such, Movant contends, Florida arson does not comport with generic arson. In support, Movant cites to *Edwards v. United States*, No. 16-22585-CIV, 2017 WL 1534448, at *3 (S.D. Fla. April 28, 2018) ("*Edwards I*"), for the proposition that this additional language "clearly brings Florida first-degree arson outside of the generic definition of arson." (Objections, 6). Movant speculates that, it would have been obvious to the Court at the time of sentencing that the Florida definition of arson was "overbroad" and thus the Court may have opted to rely on the broader residual clause. (*Id.* at 7–8).

Not only is Movant's speculation unsubstantiated by the record, but his reliance on *Edwards I* is misplaced for two reasons. First, the district court in *Edwards I* did not hold that the additional language in the Florida arson statute brought it outside of the generic definition of arson. In fact, it held the opposite. The district court ultimately found that, while Florida arson was broader, there was "substantial correspondence between the Florida arson statute [] and the generic arson encompassed in the enumerated-crimes clause of the ACCA." *Edwards I*, 2017 WL 1534448, at *4. Regardless, on appeal, the Eleventh Circuit held that the district court did not use the proper standards in assessing the claims because *Edwards* was decided before *Beeman*, and under *Beeman*, Edwards failed to carry his burden because nothing in the record showed that the sentencing court relied solely on the residual clause. *Edwards v. United States*, 733 Fed. App'x 526, 527 (11th Cir. 2018) ("*Edwards II*").

Accordingly, the Court must adhere to the *Beeman* standards when analyzing Movant's

claim. The Court agrees with Judge Reid that nothing in the record shows that in sentencing Movant, this Court relied solely on the residual clause in concluding that Movant's Florida arson conviction qualified as an ACCA predicate. Further, "[Movant] has cited no precedent from the time of sentencing showing that Florida arson qualified only under the residual clause[.]" *See Edwards II*, 733 Fed. App'x at 527. Therefore, Movant's Objections are overruled.

After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Reid's Report and Recommendation (ECF Nos. 28, 29) is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that:

1. Movant's Successive Motion under 28 U.S.C. § 2255, (ECF No. 1), is **DENIED** on the merits.

2. No certificate of appealability shall issue.

3. This case is **CLOSED**, and any pending motions are **DENIED AS MOOT**.

4. A final judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of September, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Reid
All Counsel of Record